Argued October 4; affirmed October 18, 1932

## SCARCI ET AL. *v.* CASCIATO

(14 P. (2d) 1109)

L. V. Lundberg, of Portland (B. A. Green, of Portland, on the brief), for appellants.

*Frank Lonergan,* of Portland, for respondent.

BELT, J.  Plaintiffs and the defendant were partners engaged in the road contracting business. Suit was instituted by plaintiffs for an accounting of profits alleged to have been made in such business. It is alleged by defendant that, during the pendency of this suit, a compromise and settlement were consummated as evidenced by a written stipulation. Plaintiffs, in their reply, allege in effect that this stipulation was obtained as a result of fraudulent representations and

that there is no allegation or proof that the defendant ever performed his part of the contract of settlement. The trial court found that a settlement had been made as alleged by defendant, and, by reason thereof, the suit for an accounting was dismissed. Plaintiffs appeal.

■ Plaintiffs complain that error was committed in determining the issues relative to a settlement prior to a consideration of the question as to whether they were entitled to an accounting. In the lower court, no objection was made by plaintiffs to this order of procedure. This is a court of review. At any rate, we approve the action of the trial court. Why go through the intricacies of an accounting if, in fact, the parties had adjusted their differences? The written stipulation was made by the parties through their attorneys and there is no evidence tending to show fraud.

■■ The answer is defective in that there is no allegation of performance on the part of the defendant. We are of the opinion, however, that, in the absence of demurrer and in view of the allegations of the reply in reference to performance, such defect is cured. It is established by a preponderance of the evidence that the defendant did, in fact, perform his part of the agreement of settlement.

We see no need of encumbering the reports with a recital of the evidence. Suffice it to say that the finding of the trial court is supported by the preponderance thereof.

It follows that the decree of the lower court is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.